**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Phillip Louis Vasquez,<br><br>Defendant. | No. CR18-08179-PCT-DGC<br><br>**ORDER** |

Defendant Phillip Louis Vasquez has appealed Judge Deborah Fine's detention order. Doc. 20. The government has filed a response. Doc. 21. Defendant seeks a prompt ruling (Doc. 20 at 4) and has not filed a reply. The Court will deny the appeal.

**A.    Legal Standards.**

The Court's review of the detention decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Bail Reform Act of 1984, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure his appearance at trial. 18 U.S.C. § 3142(e).

The government contends that the Court should affirm the detention of Defendant because he is a flight risk. The government must prove Defendant is a flight risk by a preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The defendant is charged with two counts of Distribution of a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), offenses which carry a maximum term of imprisonment of 20 years. Thus, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required[.]" 18 U.S.C. § 3142(e)(3)(A). This presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption does not disappear if it is rebutted, but instead "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

**B.  Analysis.**

The Court must consider four factors in determining whether pretrial detention is warranted: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against Defendant; (3) Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

The first two factors favor detention. Defendant concedes that the sale of methamphetamine can be a serious and dangerous offense, and that the weight of the evidence favors detention. Doc. 20 at 2.

The third factor is the most relevant here, and persuades the Court that detention is warranted. For the past year, the 23-year-old Defendant has been "essentially homeless" and "couch hopping" between various residences. Doc. 9 at 2. He is unemployed. *Id.*

He is a methamphetamine addict and uses the drug daily. *Id*. at 3. His family has offered to send him to treatment several times, but he has refused. *Id*. The family staged an intervention, but Defendant refused to cooperate and stated that he prefers to get high. *Id*. Defendant also suffers from mental health issues. *Id.*

Defendant recently lived with his grandfather, but his grandfather was forced to kick Defendant out when he began stealing things from the home and inviting unwanted guests. *Id*. at 2. Defendant's father initially said Defendant could not return to his home, which he shares with three young children. *Id*.; Doc. 14 at 2. His father reconsidered and agreed to allow Defendant into his home "if he completed in-patient substance abuse treatment first." *Id*. The Pretrial Services Officer reported that Defendant's father "would be suitable for third party custodial placement following acceptance and completion of Crossroads for Men." *Id*. When Defendant was screened at Crossroads, however, he was found unsuitable for placement there. Doc. 19 at 1. Defendant therefore has not met the conditions under which his father would allow him back into the home and under which the Pretrial Services Officer found his father to be a suitable third party custodian. Defendant has not otherwise identified a stable residence. Doc. 9 at 2.

The fourth factor is not relevant in this flight-risk case. Considering the first, second and third factors, and the unrebutted statutory presumption, the Court concludes that Defendant should be detained pending trial.

**IT IS ORDERED** that Defendant's appeal of Judge Fine's detention order (Doc. 16) is **denied**.

Dated this 3rd day of August, 2018.

_____
David G. Campbell
United States District Judge

- 3 -